IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Robert Lee Isom, Jr.,                )
                                     )
        Petitioner,                  )        Case No. 8:11-cv-01747-TLW-JDA
                                     )
        v.                           )        **REPORT AND RECOMMENDATION**
                                     )        **OF MAGISTRATE JUDGE**
Warden Robert M. Stevenson, III,     )
                                     )
        Respondent.                  )
_____)

        This matter is before the Court on Respondent's motion for summary judgment.

[Doc. 18.]  Petitioner is a state prisoner who seeks relief pursuant to Title 28, United States

Code, Section 2254.  Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to

review post-trial petitions for relief and submit findings and recommendations to the District

Court.

        Petitioner filed this Petition for writ of habeas corpus on July 18, 2011.[1]  [Doc. 1.]

On October 12, 2011, Respondent filed a motion for summary judgment and a return and

memorandum.  [Docs. 17, 18.]   On October 13, 2011, in accordance with an Order

pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised to

respond to the motion for summary judgment and of the possible consequences if he failed

to adequately respond to Respondent's motion. [Doc. 19.]  Subsequently, Petitioner was

granted an extension until December 21, 2011 to file a response.  [Doc. 23.]  On December

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on July 18, 2011. [Doc. 1 at 14 (Petition dated July 18, 2011); Doc. 1-7 at 1 (envelope marked "received" by mail room July 18, 2011).]

14, 2011, Petitioner filed a response in opposition to the motion for summary judgment. [Doc. 29.] Having carefully considered the parties' submissions and the record in this case, the Court recommends that Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is currently incarcerated in the Broad River Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Charleston County. Petitioner was indicted by the Charleston County Grand Jury during the May 2003 Term of the Court of General Sessions for murder and possession of a firearm during the commission of a violent crime and during the October 2003 Term of the Court of General Sessions for criminal sexual conduct - first degree and assault and battery of a high and aggravated nature. [App. 943–50.[2]] Represented by Jennifer Kneece Shealy ("Shealy") and Daniel Prenner ("Prenner"), on October 20, 2003, Petitioner proceeded to a jury trial before the Honorable Deadra L. Jefferson. [App. 3.] On October 23, 2003, Petitioner was found guilty as indicted. [App. 911–12.] Judge Jefferson sentenced Petitioner to five years for possession of a firearm during the commission of a violent crime; 30 years for criminal sexual conduct in the first degree; ten years for assault and battery of a high and aggravated nature; and life without the possibility of parole for murder. [App. 936–37.] The sentences were to run concurrently. [App. 937.]

---

[2]The Appendix can be found at Docket Entry Numbers 17-9 through 17-17.

**Direct Appeal**

Petitioner, represented by Joseph Savitz, III ("Savitz") of the South Carolina Office of Appellate Defense, appealed his convictions and sentences. [Doc. 17-1.] Savitz filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and a petition to be relieved as counsel. [*Id.*] In the brief, Savitz asserted the following issue:

> The judge erred by allowing the State to introduce evidence [Petitioner] was apprehended while driving a previously-stolen automobile, since this unrelated prior bad act served to place his character in issue in violation of South Carolina Evidence Rules 403 and 404.

[Doc. 17-1 at 4.] Petitioner did not submit a pro se brief. [*See* Doc. 17-2 at 2.] On May 1, 2006, the South Carolina Court of Appeals dismissed Petitioner's appeal and granted Savitz's motion to be relieved. [Doc. 17-2] The South Carolina Court of Appeals issued remittitur on June 5, 2006. [Doc. 17-3].

**PCR Proceedings**

Petitioner filed an application for post-conviction relief ("PCR") on February 28, 2007. [App. 952–58.] On December 17, 2007, Petitioner, through counsel, filed an amended PCR application, alleging (1) the difference in the time and date of the murdered victim on Petitioner's warrant and on the death certificate created a subject matter jurisdiction claim; (2) an issue with the identification procedure of the witness at trial; (3) there was never a rape kit or DNA kit on Petitioner or the victim and no medical examiner took the stand; (4) there was no fingerprint match; and (5) a due process claim or a confrontation clause claim because the State used testimony without putting the witness on the stand. [App. 959–62.] The State filed a return and motion to dismiss on February 13, 2008, asserting all issues raised by Petitioner in his amended PCR application were direct appeal issues and not

cognizable claims under the PCR Procedure Act, S.C. Code § 17-27-10 et seq. [App. 963–67.] The Honorable Roger M. Young, Sr. issued a Conditional Order of Dismissal on February 18, 2008 and a Final Order dismissing Petitioner's PCR application on April 15, 2008. [App. 968–73.]

On April 10, 2008, Petitioner filed a notice and motion to amend and supplement pleadings,[3] in which he raised the issue of ineffective assistance of counsel for failing to point out that the witness described her attacker as a person seven inches shorter and 40 pounds lighter than Petitioner. [App. 975–86.] On April 16, 2008, Judge Young granted Petitioner's motion to amend and supplement pleadings.[4] [App. 996.] Subsequently, Petitioner filed a petition for writ of certiorari to the Supreme Court of South Carolina. [*Id.*] On September 25, 2008, the State submitted a motion to dismiss without prejudice and remand for a full PCR hearing. [App. 994–97.] On October 22, 2008, the Supreme Court dismissed the appeal without prejudice and remanded the matter to the circuit court for a full PCR hearing on October 22, 2008. [App. 1000–01.] The Supreme Court also appointed Tricia A. Blanchette ("Blanchette") to represent Petitioner in the PCR action. [App. 1001.]

On February 9, 2009, the PCR court held an evidentiary hearing into the matter. [App. 1002–32.] Petitioner was present at the hearing and was represented by Blanchette; Petitioner and his uncle, Larry Miller, testified. [*Id.*] At the evidentiary hearing, Petitioner alleged the following failures by trial counsel constituted ineffective assistance of counsel:

---

[3]The motion was dated February 20, 2008 but was not filed at that time. [*See* App. 1000, n.1.]

[4]Judge Young's Order was not included in the Appendix or Respondent's return made to this Court.

4

1. Failure to investigate into whether there was any DNA testing or a rape kit done;

2. Failure to address the discrepancy between time of death on the death certificate and on the affidavit of the warrant;

3. Failure to investigate and address a fingerprint issue;
4. Failure to address discrepancies between the bandit form, the composite sketch, and Petitioner's appearance when he was arrested;

5. Failure to address the issue of media coverage;

6. Failure to object to the solicitor's statement during closing argument about what Keith Griffin would have testified to;

7. Failure to investigate further into Petitioner's uncle's testimony; and

8. Failure to address the victim's wife's claim that she saw Petitioner on the street three months before the murder when Petitioner was incarcerated at that time.[5]

[*Id.*]  The PCR court held the record open to obtain testimony from trial counsel.  [App. 1031.]  On July 21, 2009, a second hearing was held, in which Shealy and Petitioner testified.  [App. 1033–59.]  On August 14, 2009, the PCR court denied and dismissed Petitioner's PCR application.  [App. 1060–67.]

Petitioner, represented by Robert M. Pachak ("Pachak"), Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, appealed

---

[5]The Court notes the PCR court concluded Petitioner alleged his trial counsel provided ineffective assistance because counsel:

a. Failed to prepare and investigate.
b. Failed to properly address discrepancies between the bandit form, the composite, and [Petitioner's] appearance.
c. Failed to object to solicitor's statement during closing argument about what Keith Griffin would have testified to.
d. Failed to request change of venue based on media coverage.

[App. 1062.]  However, a review of the filings in the PCR application and the transcript of the evidentiary hearing reveals more specific allegations under what the PCR court broadly characterized as failure to prepare and investigate.

the dismissal of Petitioner's PCR application to the South Carolina Supreme Court. [Doc. 17-4.] Pachak filed a *Johnson* petition for writ of certiorari and a petition to be relieved as counsel. [*Id.*] In the brief, Pachak presented the following issue:

> Whether trial counsel was ineffective in her representation of petitioner?

[*Id.* at 3.] Petitioner filed a pro se petition for writ of certiorari in which he asserted the following issues, quoted substantially verbatim:

1. Did PCR court err in not finding trial counsel ineffective, and in not finding Petitioner's due process right's were violated when Petitioner was sentenced excessively?

2. Did the PCR court err in not finding Petitioner's constitutional due process rights were violated by insufficient evidence to sustain the convictions?

3. Did PCR court err in not finding Petitioner's constitutional due process rights were violated because of the admission of the testimony of Mariana Cordova by the trial court and additionally did the PCR court err in not finding trial counsel ineffective for not objecting upon the proper legal principles when challenging the admission and content of Mariana Cordova's testimony.

4. Did PCR court err in not finding Petitioner's constitutional due process rights were violated because the charging murder indictment lacks time and death of the deceased; and additionally did the PCR court err in not finding trial counsel ineffective for not objecting to the indictment and moving for direct verdict on this legal and factual point.

5. Did PCR court err in not ruling the identification reliability and procedures violated Petitioner's constitutional due process rights and additionally did the PCR court err in not finding trial counsel ineffective for not articulating the proper legal principles to challenge the identification procedures and the resulting identification evidence.

[Doc. 17-5.] On April 21, 2011, the South Carolina Supreme Court denied the petition and granted Pachak's request to withdraw. [Doc. 17-6.] After a petition for rehearing was denied [Doc. 17-7], remittitur was issued on May 25, 2011 [Doc. 17-8].

**Petition for Writ of Habeas Corpus**

Petitioner filed this petition for writ of habeas corpus on July 18, 2011 pursuant to 28 U.S.C. § 2254. [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim:

**Ground One:**       Ineffective assistance of counsel

*Supporting Facts:*   1)   Did PCR court err in not finding trial counsel ineffective, and in not finding Petitioner's due process rights were violated when Petitioner was sentenced excessively?

2)   Did the PCR court err in not finding that Petitioner's due process rights were violated by insufficient evidence to sustain the convictions?

3)   Did the PCR court err in not finding Petitioner's constitutional due process rights were violated because of the admission of the testimony of Mariana Cordova by the trial court, and additionally did the PCR court err in not finding trial counsel ineffective for not objectioning upon the proper legal principles when challenging the admission and content of Mariana Cordova's testimony.

4)   Did the PCR court err in not finding Petitioner's constitutional due process rights were violated because the charging murder indictment lacks time and death of the deceased; and additionally did the PCR court err in not finding trial counsel ineffective for not objecting to the indictment and moving for direct verdict on this legal and factual point.

5)   Did the PCR court err in not ruling the identification reliability and procedures violated Petitioner's constitutional due process rights, and additionally did the PCR court err in not finding trial counsel ineffective for not articulating the proper legal principles to challenge the identification procedures and the resulting identification evidence.

6)      Did the PCR court err in not finding that Petitioner's Sixth Amendment's confrontation clause of the United States constitutional amendment were violated when Petitioner was not afforded the opportunity to cross-examine the out-of-court declarant, and additionally did the PCR court err in not finding that Petitioner's due process rights were violated when the prosecution presented an out-of-court conversation that he had with Keith Griffin, an witness he intended to call to testify against the Petitioner?

**Ground Two:**      Due process violations

*Supporting Facts:*   1)      Did the PCR court err in not finding that Petitioner's due process rights were violated by insufficient evidence to sustain the convictions?

2)      Did the PCR court err in not finding trial counsel ineffective, and in not finding Petitioner's due process rights were violated when Petitioner was sentenced excessively?

3)      Did the PCR court err in not finding Petitioner's constitutional due process rights were violated because of the admission of the testimony of Mariana Cordova by the trial court, and additionally did the PCR court err in not finding trial counsel ineffective for not objectioning upon the proper legal principles when challenging the admission and content of Mariana Cordova's testimony.

4)      Did the PCR court err in not finding Petitioner's constitutional due process rights were violated because the charging murder indictment lacks time and death of the deceased; and additionally did the PCR court err in not finding trial counsel ineffective for not objecting to the indictment and moving for direct verdict on this legal and factual point.

5)      Did the PCR court err in not ruling the identification reliability and procedures violated Petitioner's constitutional due process rights, and additionally did the PCR court err in not finding trial counsel ineffective for not articulating the proper legal principles to challenge the identification procedures and the resulting identification evidence.

6)      Did the PCR court err in not finding that Petitioner's Sixth Amendment's confrontation clause of the United States constitutional amendment were violated when Petitioner was

not afforded the opportunity to cross-examine the out-of-court declarant, and additionally did the PCR court err in not finding that Petitioner's due process rights were violated when the prosecution presented an out-of-court conversation that he had with Keith Griffin, an witness he intended to call to testify against the Petitioner?

[Doc. 1 at 5–7, 15–18.]  As previously stated, Respondent filed a motion for summary judgment on October 12, 2011 [Doc. 18], which is now ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the petitioner's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows
> that there is no genuine dispute as to any material fact and the
> movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson,* 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or

unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## Habeas Corpus

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)  (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)  (i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

14

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[6] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or

---

[6]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and
> efficiency of judicial decisions, but also the finality of those
> decisions, by forcing the defendant to litigate all of his claims
> together, as quickly after trial as the docket will allow, and while
> the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

## DISCUSSION

**Procedurally Barred Grounds**

Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996). It is a petitioner's burden to raise cause and prejudice or actual innocence. *Murray*, 477 U.S. at 485, 497. If not raised by the petitioner, the court need not consider the defaulted claim. *Kornahrens*, 66 F.3d at 1363.

18

As previously stated, Petitioner asserts two grounds for relief—(1) ineffective assistance of counsel and (2) due process violations—and alleges the same six supporting facts for each ground. [Doc. 1.] Liberally construing the Petition, the Court finds the supporting facts actually constitute claims for relief; accordingly, the Court construes the Petition as alleging six ineffective assistance of counsel claims—Supporting Facts One through Six of Ground One—and six direct claims based on alleged due process violations—Supporting Facts One through Six of Ground Two.[7] Respondent argues that Supporting Facts One, Two, and Four of Grounds One and Two are procedurally barred because Petitioner did not properly raise these claims in state court. [Doc. 17 at 14–17, 22–25, 27–28.] The Court concludes Supporting Facts One through Four of Ground One and Supporting Facts One through Six of Ground Two are procedurally barred from federal habeas review.[8]

### Supporting Fact One

With respect to Supporting Fact One—"Did PCR court err in not finding trial counsel ineffective, and in not finding Petitioner's due process rights were violated when Petitioner

---

[7]In the Petition, the supporting facts appear in the same sequential order listed under Ground One and Ground Two [Doc. 1 at 5–7, 15–18], but in the memorandum in support, Petitioner discusses the supporting facts in a different sequential order [Doc. 1-1]. In this Report and Recommendation, the Court refers to the supporting facts numbers used by Petitioner in the Petition.

[8]Petitioner argues these claims are not procedurally barred because the entire record was reviewed on direct appeal through the filing of the *Anders* brief by counsel, which requires the court to "conduct a review of the entire record on appeal to determine whether there are any issues of merit." [Doc. 29 at 2.] Petitioner further argues the requirements of *Anders* apply in PCR matters pursuant to *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988). However, the *Anders* brief and the *Johnson* petition each raised one issue; Petitioner filed a pro se writ of certiorari in which he raised additional ineffective assistance of counsel issues. As discussed below, some issues have not been fairly presented to the state's highest court and are procedurally barred. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) ("To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court.").

was sentenced excessively?"—Petitioner failed to raise this issue at trial, on appeal, or to the PCR court, and the claim is procedurally barred.

Under South Carolina law, an issue must be raised or preserved in a lower court for an appellate court to consider the issue. *Pye v. Estate of Fox*, 633 S.E.2d 505, 510 (S.C. 2006). To classify a claim as having been raised in state court, it must be "fairly presented" to the state court. *Picard v. Connor*, 404 U.S. 270, 275–78 (1971). A fair presentation requires "both the operative facts and the controlling legal principles" be presented to the state court. *Matthews*, 105 F.3d at 911 (quoting *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992)).

Petitioner never challenged his sentence as excessive at sentencing or in the appellate courts after trial, and he is now barred from asserting this claim as a direct claim based on a violation of his due process rights. *See Coleman*, 501 U.S. at 731–32 (holding a federal habeas petitioner has procedurally bypassed his opportunity for relief in the state courts and in federal court if he failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue). Moreover, the Court has reviewed the PCR record in this case and can find no mention of a challenge to the sentence as being excessive. Accordingly, Petitioner has not satisfied the fair representation requirement as to this claim. *See Matthews*, 105 F.3d at 911 ("The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not suffice." (internal quotation marks omitted) (quoting *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994))). Further, to the extent Petitioner alleges this was one of the issues raised to the PCR court, the PCR court did not rule on any claim regarding Petitioner's sentence.

Petitioner failed to file a Rule 59(e) motion to preserve this issue for appeal; therefore, Supporting Fact One is procedurally defaulted.[9]  *See Marlar*, 643 S.E.2d at 267 (stating that if a PCR court fails to specifically rule on an issue, "counsel has an obligation . . . to file a Rule 59(e), SCRCP, motion to alter or amend" the order to preserve that issue for appeal). As such, the issue is barred from federal habeas review absent a showing of cause and actual prejudice.  *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

### Supporting Fact Two

With respect to Supporting Fact Two—"Did the PCR court err in not finding that Petitioner's due process rights were violated by insufficient evidence to sustain the convictions?"—Petitioner failed to raise this issue at trial, on appeal, or to the PCR court, and the claim is procedurally barred.

The claim is barred as a direct claim because Petitioner failed to raise the issue at trial or on appeal; accordingly the claim was not fairly presented to the Supreme Court of South Carolina and is procedurally barred from federal habeas review.  Similarly, the Court has reviewed the PCR record in this case and can find no mention of a challenge to the

---

[9]Although Petitioner attempted to present this issue to the South Carolina Supreme Court in his pro se petition, and the Supreme Court summarily denied Petitioner's petition for certiorari, Petitioner was procedurally barred from arguing this claim to the Supreme Court because he failed to file a Rule 59(e) motion seeking a specific ruling on this issue from the PCR court.  *See, e.g., Simmons v. Bazzle*, No. 08-1028, 2009 WL 823302, at *5 (D.S.C. Mar. 26, 2009) (holding that issues not properly preserved for appellate review by the South Carolina Supreme Court on certiorari were procedurally defaulted); *Dash v. Hagan*, No. 08-278, 2009 WL 151527, at *2, 6 (D.S.C. Jan. 21, 2009) (holding claim procedurally defaulted where no Rule 59(e) motion was made, even though the petition for certiorari had been filed and dismissed).

sufficiency of the evidence. To the extent Petitioner alleges this was one of the issues raised to the PCR court, the PCR court did not rule on any claim regarding the sufficiency of the evidence. Petitioner failed to file a Rule 59(e) motion to preserve this issue for appeal; therefore, Supporting Fact Two is procedurally defaulted.[10] Accordingly, this claim is barred from federal habeas review absent a showing of cause and actual prejudice.

### Supporting Fact Three

With respect to Supporting Fact Three—"Did the PCR court err in not finding Petitioner's constitutional due process rights were violated because of the admission of the testimony of Mariana Cordova by the trial court, and additionally did the PCR court err in not finding trial counsel ineffective for not objectioning upon the proper legal principles when challenging the admission and content of Mariana Cordova's testimony."—Petitioner failed to raise this issue on appeal or to the PCR court, and the claim is procedurally barred.

As a direct claim, the claim is barred because Petitioner failed to raise the issue on appeal. This claim was not fairly presented to the Supreme Court of South Carolina and is procedurally barred from federal habeas review. As an ineffective assistance of counsel claim, although, in his notice and motion to amend and supplement pleadings in the PCR court, Petitioner raised the issue of counsel's failure to point out that Cordova described the attacker as a person seven inches shorter and 40 pounds lighter than Petitioner [App. 975–86], the PCR court did not specifically rule on any claim regarding admission of this

---

[10]Although Petitioner attempted to present this issue to the South Carolina Supreme Court in his pro se petition, and the Supreme Court summarily denied Petitioner's petition for certiorari, Petitioner was procedurally barred from arguing this claim to the Supreme Court because he failed to file a Rule 59(e) motion seeking a specific ruling on this issue from the PCR court. *See supra* note 9.

testimony based on an inaccurate description of Petitioner.[11] Petitioner failed to file a Rule 59(e) motion to preserve this issue for appeal; therefore, Supporting Fact Three is procedurally defaulted.[12] Accordingly, this claim is barred from federal habeas review absent a showing of cause and actual prejudice.

### Supporting Fact Four

With respect to Supporting Fact Four—"Did the PCR court err in not finding Petitioner's constitutional due process rights were violated because the charging murder indictment lacks time and death of the deceased; and additionally did the court err in not finding trial counsel ineffective for not objecting to the indictment and moving for direct verdict on this legal and factual point."—Petitioner failed to raise this issue at trial, on appeal, or to the PCR court, and the claim is procedurally barred.

As a direct claim, the claim is barred because Petitioner failed to raise the issue on appeal. This claim was not fairly presented to the Supreme Court of South Carolina and is procedurally barred from federal habeas review. As an ineffective assistance of counsel claim, although, at the PCR hearing, Petitioner mentioned a discrepancy between the time and date of death on the death certificate and on the affidavit of the warrant[13] [App.

---

[11]To the extent this allegation could be construed as raising an ineffective assistance of counsel claim for failure to properly object to identification procedures, such claim was addressed by the PCR court, and this Court addresses the merits of that claim under Supporting Fact Five, below.

[12]Although Petitioner attempted to present this issue to the South Carolina Supreme Court in his pro se petition, and the Supreme Court summarily denied Petitioner's petition for certiorari, Petitioner was procedurally barred from arguing this claim to the Supreme Court because he failed to file a Rule 59(e) motion seeking a specific ruling on this issue from the PCR court. *See supra* note 9.

[13]The Court notes that, at the PCR hearing, Petitioner alleged a discrepancy between the time and date of death on the death certificate and on the affidavit of the warrant [App. 1013–14] and, in his pro se writ of certiorari and in this federal habeas action, Petitioner alleges a discrepancy between the time and date of death on the death certificate and on the indictment [Doc. 17-5 at 8–9, Doc. 1-1 at 4–7]. Accordingly, the precise issue Petitioner attempts to allege in this Court was not raised to the PCR court and, therefore,

1013–14], the PCR court did not rule on any claim regarding the indictment. Petitioner failed to file a Rule 59(e) motion to preserve this issue for appeal; therefore, Supporting Fact Four is procedurally defaulted.[14] Accordingly, this claim is barred from federal habeas review absent a showing of cause and actual prejudice.

### *Supporting Fact Five*

With respect to Supporting Fact Five—"Did the PCR court err in not ruling the identification reliability and procedures violated Petitioner's constitutional due process rights, and additionally did the PCR court err in not finding trial counsel ineffective for not articulating the proper legal principles to challenge the identification procedures and the resulting identification evidence."—Petitioner failed to raise this issue on appeal, and the claim is procedurally barred as a direct claim. Because Petitioner raised this issue to the PCR court and the PCR ruled on the issue, this Court will address the merits of this claim as an ineffective assistance of counsel claim.

As a direct claim, the claim is barred because Petitioner failed to raise the issue on appeal. This claim was not fairly presented to the Supreme Court of South Carolina and is procedurally barred from federal habeas review absent a showing of cause and actual prejudice.

---

Petitioner has not satisfied the fair representation requirement as to this claim. However, in an abundance of caution and to the extent Petitioner alleges this issue is the same as the issue raised to the PCR court, the Court addresses the issue as one that was raised to the PCR court but on which the PCR court failed to rule.

[14]Although Petitioner attempted to present this issue to the South Carolina Supreme Court in his pro se petition, and the Supreme Court summarily denied Petitioner's petition for certiorari, Petitioner was procedurally barred from arguing this claim to the Supreme Court because he failed to file a Rule 59(e) motion seeking a specific ruling on this issue from the PCR court. *See supra* note 4.

### Supporting Fact Six

With respect to Supporting Fact Six—"Did the PCR court err in not finding that Petitioner's sixth Amendment's confrontation clause of the United States constitutional amendment were violated when Petitioner was not afforded the opportunity to cross-examine the out-of-court declarant, and additionally did the PCR court err in not finding that Petitioner's due process rights were violated when the prosecution presented an out-of-court conversation that he had with Keith Griffin, an witness he intended to call to testify against the Petitioner?"—Petitioner failed to raise this issue at trial or on appeal, and the claim is procedurally barred as a direct claim. Because Petitioner raised this issue to the PCR court and the PCR ruled on the issue, this Court will address the merits of this claim as an ineffective assistance of counsel claim.

As a direct claim, the claim is barred because Petitioner failed to raise the issue at trial or on appeal. This claim was not fairly presented to the Supreme Court of South Carolina and is procedurally barred from federal habeas review absent a showing of cause and actual prejudice.

### Cause and Prejudice

As previously stated, this Court may consider claims that have not been presented to the South Carolina Supreme Court where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure or where a fundamental miscarriage of justice has occurred. Here, Petitioner argues he is actually innocent and, therefore, a fundamental miscarriage of justice will occur if the issue is not considered. [Doc. 29 at 3; *see Murray*, 477 U.S. at 496.] Claims of actual innocence are subject to a demanding standard. *Wilson v. Greene*, 155 F.3d 396, 405 (4th Cir. 1998). To be credible,

an actual innocence claim must be supported by "new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "A reviewing court must evaluate the new evidence alongside any other admissible evidence of the defendant's guilt . . . and may grant relief only where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Wilson*, 155 F.3d at 404–05 (quoting *Murray*, 477 U.S. at 496) (internal citation omitted).

Here, Petitioner has failed to produce new evidence, and a review of the record does not support a showing of actual innocence. Petitioner was found guilty of murder, possession of a firearm during the commission of a violent crime, assault and battery of a high and aggravated nature, and criminal sexual conduct in the first degree. [App. 911–12.] The deceased victim's wife, Mariana Cordova ("Cordova"), testified that the morning of January 3, 2003, she was watching the movie "The Ice Age." [App. 285.] Her husband, Jose Guzman a/k/a Richard Garcia, had been watching the movie but had gone to bed. [App. 283, 285.] Cordova heard a noise and looked out the window but did not see anything. [App. 285–86.] She returned to watching the television and then the back door opened. [App. 288.] A man came through the door and, although Cordova wanted to run, the man said, "Shut up. Shut up because if you make any noise I'll shoot you," while pointing a gun at Cordova. [App. 288, 293.] She then sat down on the sofa. [App. 293.] The man came over and sat down on the sofa next to Cordova. [*Id.*] He pointed the gun at Cordova's head, asked how many people were in the house, and told Cordova if she made any noise he would shoot. [App. 294.] The man then began to touch Cordova's breast and her private parts and stuck his hand down her panties after he pulled her pants down. [App. 295–96.] According to Cordova, "He opened up my private parts, and he put

26

at least two fingers into my private parts." [App. 297.] When she thought he was about to

rape her, Cordova grabbed the pistol and threw it under the kitchen table. [App. 297.] She

tried to run but the man grabbed her arm and raised the gun. [App. 298.] Cordova then

yelled for her husband, shouting "Richard. Richard," and the man hit her on the head,

causing Cordova to fall down. [*Id.*] Her husband came running from the room and then

followed the man out the back door. [*Id.*] While Cordova was lying on the floor, she heard

a shot. [App. 299.] She saw her husband on the ground, choking. [*Id.*] Cordova did not

see the man anymore. [App. 299–300.] Cordova testified that she had seen the man's

face and looked right into his face. [App. 293.] She also testified that the man was about

30 or 35 years old, 70 kilos or around 140 pounds. [App. 302.] She stated that she told the

police he had short black hair and a small mustache, was 170 meters tall, and although he

had a little hair on his face, Cordova told the police he did not have beard. [App. 304–05.]

Cordova made a computer picture with the police but it did not look exactly like the man.

[App. 306–08.] Cordova described the photo lineups she viewed and confirmed that she

picked out Petitioner as the man she saw on January 3. [App. 308–15.] In light of this

evidence, Petitioner is unable to demonstrate actual innocence. Petitioner has failed to

meet his burden of showing sufficient cause and prejudice or actual innocence to overcome

a procedural bar. Therefore, these claims are procedurally barred from consideration by

a federal habeas court and should be dismissed. *See Murray*, 477 U.S. at 496.

**Merits of Remaining Grounds**

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, "the question is not whether counsel's actions were reasonable" but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 131 S. Ct. at 788. In *Strickland v. Washington*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. 668, 687 (1984). To satisfy the first prong of *Strickland*, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong of *Strickland*, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Supreme Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003).

### *Supporting Fact Five*

The Court recommends that summary judgment be granted on Supporting Fact Five—"Did the PCR court err in not ruling the identification reliability and procedures violated Petitioner's constitutional due process rights, and additionally did the PCR court err in not finding trial counsel ineffective for not articulating the proper legal principles to

challenge the identification procedures and the resulting identification evidence."—as an ineffective assistance of counsel claim because the PCR court's decision with respect to this claim is not contrary to clearly established federal law. Here, Petitioner's claim of ineffective assistance of counsel is based on trial counsel's alleged failure to articulate the proper legal principles to challenge the identification procedures and the resulting identification evidence. The PCR court found counsel was not ineffective, specifically finding the following:

> The Court finds that counsel conducted a thorough investigation and properly requested a <u>Biggers</u> hearing. . . . Counsel challenged the photograph lineup in the <u>Biggers</u> hearing, but the trial court found the lineup was no[t] unduly suggestive.
>
> ***
>
> Accordingly, this Court finds Applicant has failed to prove the first prong of <u>Strickland</u>, specifically that counsel failed to render reasonably effective assistance of counsel under prevailing professional norms. This Court also finds the Applicant has failed to prove the second prong of <u>Strickland</u>, specifically that he was prejudiced by [trial] counsel's performance. Applicant's complaints concerning counsel's performance are without merit and are denied and dismissed.

[App. 1066.] Upon a review of the record, the Court finds the PCR court reasonably found Petitioner's trial counsel satisfied the *Strickland* standard, and therefore, the PCR court's decision is not an unreasonable application of federal law. The PCR court's conclusion is supported by the transcript of the *Biggers* hearing at trial. At the *Biggers* hearing, trial counsel argued the *Biggers* factors had not been met.[15] [App. 204–06.] The trial judge

---

[15] *Neil v. Biggers*, 409 U.S. 188 (1972), sets forth factors to determine whether to exclude identification testimony from an unnecessarily suggestive identification procedure. "First, the court must consider whether the identification procedure is unnecessarily suggestive." *Satcher v. Pruett*, 126 F.3d 561, 566 (4th Cir. 1997). "A procedure is unnecessarily suggestive if a positive identification is likely to result from factors other than

found the identification process was not unduly suggestive but out of an abundance of caution addressed the *Biggers* factors. [App. 218–24.] Therefore, the Court finds the record supports the PCR court's conclusion that trial counsel properly requested a *Biggers* hearing and properly challenged the identification, and the Court recommends that summary judgment be granted as to Supporting Fact Five.

### Supporting Fact Six

The Court recommends that summary judgment be granted on Supporting Fact Six—"Did the PCR court err in not finding that Petitioner's sixth Amendment's confrontation clause of the United States constitutional amendment were violated when Petitioner was not afforded the opportunity to cross-examine the out-of-court declarant, and additionally did the PCR court err in not finding that Petitioner's due process rights were violated when the prosecution presented an out-of-court conversation that he had with Keith Griffin, an witness he intended to call to testify against the Petitioner?"—as an ineffective assistance of counsel claim because the PCR court's decision with respect to this claim is not contrary to clearly established federal law. Here, Petitioner's claim of ineffective assistance of counsel is based on trial counsel's alleged failure to object under the Confrontation Clause to a comment by the solicitor about a comment made by Keith Griffin. The PCR court found counsel was not ineffective, specifically finding the following:

> The Court finds that counsel was not ineffective for failing to object to the solicitor's comments about Keith Griffin. The

---

the witness's own recollection of the crime." *Id.* (internal quotation marks omitted). Second, the court must look at the five factors from *Biggers* to determine if the identification testimony is nevertheless reliable under the totality of the circumstances. *Id.* The five factors outlined in *Biggers* are: (1) the witness' opportunity to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the witness' level of certainty at the confrontation; and (5) the time between the crime and the confrontation. 409 U.S. at 199–200.

comments were made during the sentencing phase of the trial, which was after the jury had announced its verdict.

***

Accordingly, this Court finds Applicant has failed to prove the first prong of <u>Strickland</u>, specifically that counsel failed to render reasonably effective assistance of counsel under prevailing professional norms. This Court also finds the Applicant has failed to prove the second prong of <u>Strickland</u>, specifically that he was prejudiced by [trial] counsel's performance. Applicant's complaints concerning counsel's performance are without merit and are denied and dismissed.

[App. 1066.] Upon a review of the record, the Court finds the PCR court reasonably found Petitioner's trial counsel satisfied the *Strickland* standard, and therefore, the PCR court's decision is not an unreasonable application of federal law. The PCR court's conclusion is supported by the trial transcript. In response to Petitioner's contention that he was not a violent person, the solicitor stated,

One of the witnesses that [Petitioner] stated he intended to choose which he was going to call, one of his longtime friends, that of Keith Griffin, his testimony was when [Petitioner] popped out of that first vehicle that we talked about, that testimony that got limited to the jury – when he got out of that first vehicle, he took a gun from under that vehicle and he ran with a gun. We asked him about that gun, and it was a different gun than he had used that he used when he killed the man with that night.

This is not the type of individual who is not likely to do this. When you see a level of continuing behavior not to conform to society's norm, a person who will go into jail and still get in a fight and send people to an infirmary, a person who will carry guns, a person who will use guns, a person who will beat upon a police officer, a person who will steal things, this is not the type of person who is going to change in a minute.

And I think the most important thing that we should look at and the facts in this case is: He didn't have to shoot Mr. Garcia that day. He could have just kept running.

31

I don't know what was going on in his mind. I don't know if this was drugs. I don't know what was going on.

However, talking to Mr. Griffin, when he got out of that car, the testimony that you did not hear, that we did not call Mr. Griffin, is that he got in the car and he was sweating and that he looked like he was on some type of drugs. Something looked like it was wrong with him. I don't know, Your Honor. This is just basically on our information, talking to Mr. Griffin who is a longtime friend who was ready to testify, Your Honor. But that testimony, of course, was limited.

[App. 933–34.] This statement was made at the sentencing phase of trial, after the jury had returned its verdict, and the Confrontation Clause does not apply at sentencing. *See United States v. Powell*, 650 F.3d 388, 393 (4th Cir. 2011) (holding the Confrontation Clause does not apply at sentencing, noting every other federal circuit court that hears criminal appeals has reached the same decision, and listing cases from those circuits). Moreover, the sentencing judge went on to state he would not "consider anything about testimony that was not a part of the record in sentencing" and did not think it proper for him to consider it or to give it weight in sentencing. [App. 935.] Therefore, the Court finds the record supports the PCR court's conclusion that trial counsel was not ineffective for failing to object to the comments about Keith Griffin, and the Court recommends that summary judgment be granted as to Supporting Fact Six.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

Apr 26, 2012
Greenville, South Carolina