IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Robert Lee Isom, Jr., | ) | Case No.: 8:11-cv-1747-TLW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden Robert M. Stevenson, III, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for consideration of the Report and Recommendation (R&R) filed by Magistrate Judge Austin. ECF No. 85. As set forth below, the R&R is hereby accepted and Petitioner's objections are overruled.

Robert Lee Isom, Jr., a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court granted Respondent's motion for summary judgment and denied the Petition. ECF No. 39. After appealing to the Fourth Circuit Court of Appeals, Petitioner filed a motion for reconsideration in this Court seeking reevaluation of his claims pursuant to the Supreme Court's rulings in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). ECF No. 48. The Court granted Petitioner's motion for reconsideration, reopened the case, and remanded it to the Magistrate Judge to determine the effect, if any, of these decisions on Petitioner's claims. The parties briefed this issue and the Magistrate Judge issued the instant R&R on March 1, 2016.

In the R&R, the Magistrate Judge recommends that Petitioner is not entitled to relief in light of *Martinez*. ECF No. 85. Petitioner filed objections, ECF No. 92, and Respondent replied, ECF No. 94. The matter is now ripe for decision by this Court.

1

In reviewing the R&R, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court closely reviewed *de novo* the R&R, the objections, and the cited legal authorities. As set forth below, Petitioner's objections do not warrant rejecting or modifying the Magistrate Judge's findings or recommendations.

In the R&R, the Magistrate Judge first explains that *Martinez* does not apply to certain claims (Petitioner's "Supporting Facts One through Six of Ground Two") because these are not ineffective assistance of counsel claims. ECF No. 85 at 21. Therefore, the Magistrate Judge recommends these claims remain procedurally barred from federal habeas review. *Id*.

Next, the Magistrate Judge addresses Petitioner's ineffective assistance of counsel claims to which *Martinez* could apply (Petitioner's "Supporting Facts One through Four of Ground One"). *Id*. In doing so, the Magistrate Judge assumes without deciding that Petitioner could show that his Post-Conviction Relief (PCR) counsel was ineffective for failing to raise these claims to the PCR court. Accordingly, she analyzes whether Petitioner could establish cause to excuse the procedural default of each claim, i.e., whether Petitioner can demonstrate the claim is "substantial" under

2

*Strickland v. Washington*, 466 U.S. 668 (1984).[1]  Based on this framework, the Magistrate Judge makes the following recommendations.

First, the Magistrate Judge concludes that Petitioner's claim concerning counsel's failure to argue his sentence was excessive does not satisfy the "prejudice" prong of *Strickland*. ECF No. 85 at 22.  The R&R explains that, as a result of being convicted by a jury, Petitioner is serving concurrent sentences of life without the possibility of parole (LWOP) for murder, 30 years for criminal sexual conduct in the first degree, and 10 years for assault and battery of a high and aggravated nature (ABHAN).  Accordingly, Petitioner cannot show he was prejudiced by also receiving a concurrent 5-year sentence for possession of a firearm during the commission of a violent crime because it ultimately has no impact on the time he will serve regardless of whether this charge was inapplicable under the circumstances.  Therefore, the Magistrate Judge recommends Petitioner is not entitled to relief on this claim.  *Id*.

Second, the Magistrate Judge concludes that Petitioner's claim concerning trial counsel's alleged failure to argue the sufficiency of the evidence fails on the merits.  *Id*. at 23.  As noted in the R&R, the record reflects that counsel moved for a directed verdict when the state rested, renewed this motion at the close of evidence and again when the verdict was returned, and moved for a new trial thereafter.  Thus the record shows that trial counsel was not deficient in this respect and, therefore, the Magistrate Judge recommends this claim is meritless.  *Id*.

Third, the Magistrate Judge addresses Petitioner's claim concerning trial counsel's performance during the *Biggers* hearing.[2]  *Id*. at 23-24.  The Court previously disposed of this claim on the merits at the summary judgment stage.  *See* ECF No. 35 at 30 (recommending

---

[1] For a claim to be "substantial" under *Strickland*, a prisoner must prove: (1) that his counsel was deficient in his representation, and (2) that he was prejudiced as a result.  466 U.S. at 687.
[2] *Neil v. Biggers*, 409 U.S. 188 (1972).

summary judgment to Respondent because "the record supports the PCR court's conclusion that trial counsel properly requested a *Biggers* hearing and properly challenged the identification"); ECF No. 39 (accepting the first R&R). As the Magistrate Judge observes, Petitioner did not seek reconsideration of the grant of summary judgment on this claim—he only sought reconsideration of issues that were dismissed as procedurally barred. *See* ECF No. 48. Therefore, the Magistrate Judge recommends that *Martinez* does not disturb the prior disposition of this claim.

Fourth, the Magistrate Judge concludes that Petitioner's claim regarding the allegedly insufficient indictment does not satisfy the "deficient performance" prong of *Strickland*. ECF No. 85 at 24-25. As explained in detail in the R&R, the indictment contained sufficient information to notify Petitioner of the charge against him and, therefore, was not defective. As such, trial counsel was not deficient for not objecting to it. Therefore, assuming this claim is reviewable under *Martinez*, the Magistrate Judge recommends Petitioner is not entitled to relief. *Id*.

In sum, the Magistrate Judge recommends that Petitioner failed to establish cause to excuse the default of his procedurally-barred claims under *Martinez*.

In his objections, Petitioner does not dispute any specific finding or conclusion reached in the R&R. ECF No. 92. Instead, he advances two generalized arguments. First, Petitioner summarily asserts that Respondents waived their right to assert any procedural defenses by not arguing the applicability of *Trevino*. *Id*. at 5-6. However, Petitioner offers no persuasive argument as to why this is a ground to not accept the R&R. Second, Petitioner reasserts that *Martinez* is applicable to this case because his PCR counsel was deficient in failing to preserve issues for review, citing *Marlar v. South Carolina*, 653 S.E.2d 266 (S.C. 2007). *Id*. at 7-13. Again, this argument does not address the findings or conclusions reached in the R&R, which presumed (without deciding) that Petitioner was entitled to have his defaulted ineffective assistance of

4

counsel claims reviewed pursuant to *Martinez*. Petitioner's objections fail to identify any persuasive reason to reject or modify the R&R.

After careful consideration, Petitioner's objections are **OVERRULED**, and the Magistrate Judge's R&R, ECF No. 85, is **ACCEPTED**. The Supreme Court's rulings in *Martinez* and *Trevino* do not change the conclusion that Petitioner is not entitled to habeas relief in this action. For the reasons stated by the Court in the Order granting summary judgment to Respondents, ECF Nos. 35, 39, those stated by the Magistrate Judge in the R&R, ECF No. 85, and those stated by the Court herein, Petitioner's § 2254 petition is hereby **DENIED**.

The Court reviewed this petition in accordance with Rule 11 of the Rules Governing § 2254 Proceedings. The Court again concludes it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Chief United States District Judge

July 11, 2016
Columbia, South Carolina